**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

SPRINT COMMUNICATIONS COMPANY L.P., )
)
            Plaintiff, )
)
v. ) No. 14-06049-CV-SJ-FJG
)
K.L.M. TELEPHONE COMPANY, ET AL., )
)
            Defendants. )

# ORDER

Currently pending before the Court is Defendant Stoutland Telephone Company's Motion to Sever and to Transfer Venue to the Western District of Wisconsin (Doc. # 50).

## I. BACKGROUND

Sprint Communications Company ("Sprint") filed the instant action against various defendants concerning the billing of originating and terminating switched access charges on CMRS calls that originate and terminate in the same Major Trading Area. Sprint alleges that the charges were not permitted under the defendants' interstate and intrastate access tariffs. At the time the Complaint was filed, Stoutland was a wholly owned subsidiary of TDS Telecommunications Corporation, ("TDS") located in Madison, Wisconsin. On August 1, 2014, TDS sold all the stock of Stoutland to New Florence Telephone Company. Sprint has also filed a similar case against fourteen other subsidiaries of TDS in the Western District of Wisconsin. See Sprint Commc'n Co. v. Amherst Bell Tel. Co., No. 14-464 (W.D.Wis.).

## II.  STANDARD

Title 28 U.S.C. § 1404(a), states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." "The statute was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. . . .Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one." In re Apple, Inc., 602 F.3d 909, 912 (8th Cir.), cert. denied,131 S.Ct. 838, 178 L.Ed.2d 560 (2010)(internal citations and quotations omitted).

## III. DISCUSSION

Stoutland states that before the Court may transfer this case to the Western District of Wisconsin, it must first sever the claims of Stoutland pursuant to Fed.R.Civ.P. 21.  Fed.R.Civ.P. 21 states: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party."  "Severance under Rule 21 is committed to the Court's sound discretion,  see e.g. Reinholdson v. Minnesota, 346 F.3d 847,850 (8th Cir. 2003), and in exercising that discretion, courts typically consider the same general factors elucidating the § 1404(a) analysis, including judicial economy, efficiency, witness convenience, the location of and access to sources of proof, the potential for delay, and similar factors." Valspar Corp. v. E.I.DuPont de Nemours and Co., No. 13-3214(RHK/LIB), 2014 WL 1607584,*2 (D.Minn. Apr. 21, 2014).  Stoutland

states that because Sprint has no objection to transferring the claims to Wisconsin, the Court should first sever Sprint's claims against Stoutland pursuant to Fed.R.Civ.P. 21.

Stoutland also states that after severing the claims, the Court should transfer the claims to the Western District of Wisconsin. 28 U.S.C.§ 1404(a) states that a case may be transferred to any other district or division where it might have been brought or to any district or division to which all parties have consented. Stoutland states that the case might initially have been brought in the Western District of Wisconsin, because Stoutland's principal offices were located there at the time of the filing, TDS resides in that district and Sprint commenced a similar action against fourteen other subsidiaries of TDS in that district. Stoutland also argues that the Western District of Wisconsin is a more convenient forum for both the parties and the witnesses and the interests of justice weigh in favor of transfer.

## IV. CONCLUSION

Accordingly, for good cause shown and with no opposition indicated, the Court hereby **GRANTS** defendant Stoutland's Motion to Sever (Doc. # 50). It is hereby **ORDERED**:

Plaintiff Sprint Communications Company L.P.'s claims against defendant Stoutland Telephone Company are hereby **SEVERED** pursuant to Fed.R.Civ.P. 21. The Clerk of the Court is hereby directed to establish a new docket number for the resulting case, to docket this Order as the first entry in the newly created case and to attach all documents filed in this case up to the date of this Order to that first docket entry. The plaintiff in the newly created case is Sprint Communications Company L.P. The defendant in the newly created case is: The Stoutland Telephone Company.

It is further ordered that Stoutland's Motion to Transfer is hereby **GRANTED** (Doc. # 50) and the newly created case is hereby **TRANSFERRED** to the United States District Court for the Western District of Wisconsin. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer.


Date: September 9, 2014  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge